ORA D. MOORE, Respondent, *v.* ROSS DENNIS, Appellant.

Fourth Department, July 1, 1942.

*John W. Hollis*, for the appellant.

*Simpson & Morton* [*Floyd E. Whiteman* of counsel], for the respondent.

PER CURIAM. We think the court committed reversible error in receiving the testimony of the plaintiff relative to the contents of the deed of the Winter Park property alleged to have been given by Mrs. Dennis to the plaintiff in 1912 or 1913 and that she had showed the deed to others and as to improvements made to said property and other testimony of like import. This testimony involved personal transactions of an indirect nature between the plaintiff and Mrs. Dennis. The testimony was incompetent and inadmissible against the defendant who had derived his title to the property in suit from Mrs. Dennis. (*Brayton* v. *Dager*, 249 App. Div. 94; *Matter of Blair*, 99 id. 81; *Kings County Trust Co.* v. *Hyams*, 242 N. Y. 405.) We also think the decision in favor of the plaintiff is against the clear weight of the evidence. The fact that the plaintiff first claimed that the property belonged to the estate of Mrs. Dennis and brought action in favor of the estate to our minds substantially destroyed her present claim that the property in suit belongs to her individually. Mrs. Dennis made a deed of the farm to the defendant in 1910 and a deed of the Canisteo house to the plaintiff in 1912. Mrs. Dennis recorded these deeds in 1929 and this was the first that the plaintiff and the defendant knew about those deeds. The evidence indicates that the deed to the Winter Park property was never delivered to the plaintiff as claimed by her. This conclusion is strengthened by the fact that the plaintiff first claimed that the property in question belonged to the estate of Mrs. Dennis. Moreover, aside from alleged admissions of Mrs. Dennis, there is no evidence that she ever agreed to hold the proceeds of the sale of the Winter Park property in trust for the plaintiff.

The judgment should be reversed and a new trial should be granted.

All concur, HARRIS, J., in result in a separate opinion. Present — CUNNINGHAM, TAYLOR, DOWLING, HARRIS and McCURN, JJ.

HARRIS, J. (concurring). I concur in the result only because in view of the concession of the plaintiff in reference to the amount of damages, the interests of substantial justice require a re-examination of all the facts by a trial court.

In order to say that the findings of fact as to the ownership of the securities is against the weight of evidence, it must be concluded that the testimony of the witnesses Coffin, Wendland, Wood, Weeks, Simpson, Forbes, Moore, Havens and Calkins,

and of each of such witnesses, was in some respect fabricated. The trier of the facts has heard the testimony of each of these witnesses, has passed on the question of the interest of the three who could be accused of interest, Moore, Havens and Simpson, and after seeing the witnesses and hearing them testify, came to a conclusion that their testimony was truthful. I see no reason why we should disregard these findings so established and I cannot see how we can say that these findings are against the weight of credible evidence.

The cases cited as authority that the provisions of section 347 of the Civil Practice Act were violated by permitting the plaintiff to testify as to transactions with her mother (*Matter of Blair*, 99 App. Div. 81; *Clift* v. *Moses*, 112 N. Y. 426; *Richardson* v. *Emmett*, 170 id. 412; *Kings County Trust Co.* v. *Hyams*, 242 id. 405, and *Brayton* v. *Dager*, 249 App. Div. 94) do not apply here because in each of such cases so cited the party against whom the testimony was given was evidently and clearly " the executor, administrator or survivor of a deceased person or the committee of a lunatic, or a person deriving his title or interest from, through or under a deceased person or lunatic, by assignment or otherwise," while in the case before us the very question to be decided was whether the defendant had converted the plaintiff's property, or whether he held the same by a valid assignment from the deceased mother. Section 347 does not close the mouth of the plaintiff under the circumstances considered here. In other words, we have here the testimony of one interested (plaintiff-respondent) as to personal transactions with one deceased, but we have not the third requirement of section 347, *i. e.*, the testimony as to the transactions against one standing in the place of the deceased.

Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.